**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-6221**

───────────────

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

        v.

JAMES E. KING, III,

                 Defendant – Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:05-cr-00006-FPS-JES-1; 5:06-cv-00156-FPS-JES)

───────────────

Submitted:  June 1, 2010                    Decided:  June 9, 2010

───────────────

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

James E. King, III, Appellant Pro Se.  Robert Hugh McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James E. King, III, seeks to appeal the district court's order adopting the magistrate judge's report and recommendation denying his motion to vacate his sentence. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on December 9, 2008. Although the district court granted King's motion and reopened the appeal period, King was not entitled to that relief. Rule 4(a)(6) states that the district court may only re-open the time within which to file an appeal if the movant so moves "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry, whichever is earlier." Because King filed his motion more than 180 days after the

2

district court entered its order, the district court lacked authority to reopen the appeal period.

Because King failed to file a timely notice of appeal and the district court lacked authority to reopen the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED